```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                         LAS VEGAS, NEVADA

UNITED STATES OF AMERICA,          )    2:10-CV-00206-ECR-RJJ
                                   )
     Plaintiff,                    )    MINUTES OF THE COURT
                                   )
vs.                                )    DATE: October 21, 2010
                                   )
$35,500.00 IN UNITED STATES        )
CURRENCY,                          )
                                   )
     Defendant.                    )
_____)

PRESENT:      EDWARD C. REED, JR.              U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN       Reporter:    NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING
```

<u>MINUTE ORDER IN CHAMBERS</u>

     Now pending is United States' motion to strike the claim filed by Anthony Gonzales (#19). Gonzales opposed (#21) the motion, and the United States replied (#22). Also pending are United States' motion for default judgment (#15) and motion (#24) to strike Gonzales' affidavit (#23), which will be dealt with separately.

     A claimant in a forfeiture action must comply with the pleading requirements of Fed. R. Civ. P. Supp. Rule G(5) ("the Supplemental Rules"). The Supplemental Rules require that a person who asserts an interest in property may contest its forfeiture by filing a claim. F<small>ED</small>. R. C<small>IV</small>. P. S<small>UPP</small>. R<small>ULE</small> G(5)(a)(i). The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). F<small>ED</small>. R. C<small>IV</small>. P. S<small>UPP</small>. G(5)(a)(i)((A)-(D). As set forth below, the claim which Gonzales has filed does not comply with these requirements.

     A claimant must "serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." F<small>ED</small>. R. C<small>IV</small>. P. S<small>UPP</small>. R<small>ULE</small> G(5)(b). The claimant's answer must comply with Fed. R. Civ. P. Rule 8. The answer should address the allegations in the United States' verified complaint (#1) by admitting or denying each allegation, and setting forth any defenses against the United States' claims. <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 8(b).

Gonzales filed a document entitled "Notice of Claim" (#8) on April 5, 2010. The handwritten document professed to be a verified claim, but was not sworn to under penalty of perjury. Gonzales filed an answer (#9) on April 6, 2010 that failed to respond to the complaint. Neither the purported claim (#8) or the answer (#9) was served on the United States. Gonzales also filed an affidavit (#16) on April 23, 2010, that might have served as a verified claim had it been sworn to under penalty of perjury.

While the procedural requirements governing forfeitures should be adhered to whenever possible, the Supplemental Rules allow the court to grant extensions of time for good cause. See FED. R. CIV. P. SUPP. G(5)(a)(ii); see also United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1435 (9th Cir. 1985). Good cause has been shown here. This is not a case in which the claimant failed to put the government on notice of a claim. Gonzales is a pro se litigant who has made an effort to comply with the requirements, as shown by his numerous, though procedurally deficient, filings.

This Circuit has granted district courts wide discretion in similar cases. See United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010); United States v. $100,348, 354 F.3d 1110, 1117 (9th Cir. 2004) 1982 Yukon Delta Houseboat, 774 F.2d at 1435-36. The Ninth Circuit held in a recent forfeiture case that a district court erred when it "ignored our oft stated commitment to deciding cases on the merits whenever possible, and held . . . a layman . . . to the same standards to which we hold sophisticated parties acting with the benefit of legal representation." Mesle, 615 F.3d at 1091. In that case, the Ninth Circuit reversed a district court's denial of a claimant's motion to set aside an entry of default in a forfeiture proceeding. Id. at 1095. The claimant had, as in this case, failed to file a verified claim or an answer.

Gonzales' claims (#8, #16) will be stricken for failure to comply with the Supplemental Rules, but he will be granted additional time within which to file an amended claim and an answer to the complaint in a manner which complies with the Supplemental Rules.

**IT IS, THEREFORE, HEREBY ORDERED** that the United States' motion (#19) to strike the claims (#8, #16) filed by Anthony Gonzales is **GRANTED**.

**IT IS FURTHER ORDERED** that Anthony Gonzales shall have thirty-one (31) days from the date this order is filed within which to file an amended claim in compliance with the applicable rules. Gonzales must also file an answer to the complaint no later than twenty-one (21) days after he files his amended claim.

LANCE S. WILSON, CLERK

By _____/s/_____
       Deputy Clerk