DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Michael.Humphreys@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:10-CV-206-ECR (RJJ) |
| ) | |
| $35,500.00 IN UNITED STATES CURRENCY, ) | ORDER APPROVING DEFAULT |
| ) | JUDGMENT OF FORFEITURE |
| Defendant. ) | |

<u>DEFAULT JUDGMENT OF FORFEITURE</u>

The United States filed a Verified Complaint for Forfeiture In Rem on February 16, 2010. Docket #1. The Verified Complaint (#1) alleges the defendant property:

    a.    was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    b.    is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

. . .

        c.        was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

On February 17, 2010, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. #4, #5.

Pursuant to the Order (#2), the Verified Complaint (#1), the Order (#2), the Summons and Warrant (#5), and the Notice of Complaint for Forfeiture (#6) were served on the defendant property, and the Notice was published according to law. #7. All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 60 days after the first day of publication on the United States official internet forfeiture site, www.forfeiture.gov, or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to the Complaint within 20 days after the filing of their respective claims. #1, #2 , #5, #6, and #7.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from February 19, 2010 through March 20, 2010. #7.

On February 24, 2010, the United States Marshals Service served the Verified Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice by executing them on the defendant property. #6, p. 2-17.

On February 24, 2010, the United States Marshals Service served the Verified Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice by regular and certified return receipt mail to Michael Barra Gorostiza. #6, p. 18-34.

On March 1, 2010, the United States Marshals Service served the Verified Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice by personal service to Garrett T. Ogata, Esq., on behalf of Michael Barra Gorostiza. #6, p. 35-50.

On April 5, 2010, Anthony Gonzales filed a claim against the defendant property. #8.

On April 6, 2010, Anthony Gonzales filed an Answer. #9.

Neither Michael Barra Gorostiza nor Garrett T. Ogata, Esq., on behalf of Michael Barra Gorostiza, have filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4), Fed. R. Civ. P. Supp. Rule C(6), and Fed. R. Civ. P. Supp. Rule G(4)(b) and (5).

On April 9, 2010, the United States filed a Request for Entry of Default against the defendant property; Michael Barra Gorostiza; and Garrett T. Ogata, Esq., on behalf of Michael Barra Gorostiza, in the above-entitled action. #12.

On April 15, 2010, the Clerk of the Court entered a Default against the defendant property; Michael Barra Gorostiza; and Garrett T. Ogata, Esq., on behalf of Michael Barra Gorostiza, who claim an interest in the defendant property in the above-entitled action. #13.

On April 21, 2010, the United States filed its Amended Motion for Default Judgment of Forfeiture against the defendant property, Michael Barra Goroztiza, and Garrett T. Ogata, Esq., on behalf of Michael Barra Gorostiza.#15.

On May 4, 2010, the United States filed its Motion to Strike the Claim Filed by Anthony Gonzales. #19.

On May 11, 2010 and May 14, 2010, Mr. Gonzales filed a letter and a Response to the United States' Motion to Strike. #20, 21.

On May 24, 2010, the United States filed its Reply Memorandum in Support of its Motion to Strike the Claim(s) of Anthony Gonzales. #22.

On June 7, 2010, the United States filed a Motion to Strike Anthony Gonzales' Sur-Reply. #24.

On October 21, 2010, this Court Granted the United States' Motion to Strike Anthony Gonzales' Sur-Reply (#24).  This Court further granted Gonzales thirty-one (31) days from October 21, 2010 to file an Amended Claim in compliance with the applicable rules. #25.

On October 25, 2010, this Court Denied the United States' Amended Motion for Default Judgment (#15) without prejudice and Denied the United States' Reply Memorandum in Support of its Motion to Strike the Claim(s) of Anthony Gonzales (#22). #26.

1 Gonzales failed to timely file an Amended Claim.

2 On December 28, 2010, the United States filed a Request for Entry of Default against Anthony Gonzales and all other persons or entities who claim an interest in the defendant property in the above-entitled action. #27.

On December 29, 2010, the Clerk of the Court entered a Default against Anthony Gonzales and all other persons or entities who claim an interest in the defendant property in the above-entitled action. #28.

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule C(6) and G(5).

Michael Barra Gorostiza is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003.[1] **Exhibit 1**.

Anthony Gonzales is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003[2]. **Exhibit 2, 3**.

On January 4, 2011, Garrett T. Ogata informed the United States Attorney's Office that representation of Michael Barra Gorostiza was discontinued on March 29, 2010.

The allegations of the Verified Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Verified Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against Michael Barra Gorostiza; Garrett T. Ogata, Esq., on behalf of Michael Barra Gorostiza; Anthony Gonzales; and all persons or entities who claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the

---

[1] Michael Barra Gorostiza has fourteen known aliases and six known Social Security Numbers. We have run the name and number which is believed to be the correct set.

[2] All known social security numbers have been run against Anthony Gonzales.

1 same is hereby forfeited to the United States of America, and no right, title, or interest in the property
2 shall exist in, Michael Barra Gorostiza; Garrett T. Ogata, Esq., on behalf of Michael Barra Gorostiza;
3 Anthony Gonzales; and all persons or entities who claim an interest in the defendant property in the
4 above-entitled action.

5     IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable
6 cause for the seizure or arrest of the defendant property.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

DATED: April 4, 2011

5